# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY MAKOZY, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 19-1090 |
| | ) | |
| MARTIN DEITZ, LAW OFFICE OF | ) | Judge Cathy Bissoon |
| ROBERT O. LAMPL, DAVID FUCHS, | ) | |
| ELSIE LAMPL, ROBERT LAMPL, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's Motion to Consolidate Cases (Doc. 10) will be denied.

Plaintiff filed a motion to consolidate this case with a case pending in the Southern District of Florida, arguing that these cases are related. Defendant Martin Dietz (misspelled "Deitz" in Plaintiff's Complaint) and Defendants Law Office of Robert O. Lampl, David Fuchs, Elsie Lampl and Robert Lampl (collectively, "Defendants") filed their responses (Doc. 14 and Doc. 15) opposing Plaintiff's motion and arguing that this is not an issue of consolidation under the Federal Rules of Civil Procedure Rule 42, but rather an issue of venue, governed by 28 U.S.C. §1404. The Court agrees that the relevant issue is venue and will construe Plaintiff's motion as one that moves to transfer venue from this Court to the Southern District of Florida.

Under the applicable law, this Court may transfer the instant case to another district where it might have been brought originally, or to a district to which all parties have consented. Based on the filings before the Court and records from the Southern District of Florida, the Court finds that this case cannot have originated before the Southern District of Florida and that the parties do not all consent to transferring the case there.

Plaintiff has already filed complaints based on the same allegations against Defendants twice in the Southern District of Florida in the cases <u>Makozy v. Internal Revenue Service, et. al.</u>, No. 2:18-CV-14050 (S.D. Fl. Sept. 5, 2018) and <u>Makozy v. Internal Revenue Service, et. al.</u>, No. 2:18-cv-14404 (S.D. Fl. Dec. 13, 2018). Both times, the court found that it lacked subject matter jurisdiction, diversity jurisdiction and personal jurisdiction, as Plaintiff's complaint did not implicate any federal question, one of the other defendants was a citizen of the same state as Plaintiff and Defendants do not have law offices in Florida, engage in business there or have any other contacts with the state that would give rise to personal jurisdiction. On the second occasion, the Southern District of Florida dismissed Plaintiff's legal malpractice claims against Defendants with prejudice.

Based on the above, the Court finds that venue would be improper in the Southern District of Florida, and Plaintiff's Motion to Consolidate Cases (**Doc. 10**) is **DENIED**.

January 23, 2020  s\Cathy Bissoon
Cathy Bissoon
United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via U.S. Mail):

Gregory Sr. Makozy
9661 SW Glenbrook Drive
Port Saint Lucie, FL 34987-2452