IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY MAKOZY, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 19-1090 |
| | ) | |
| MARTIN DIETZ, LAW OFFICE OF | ) | Judge Cathy Bissoon |
| ROBERT O. LAMPL, DAVID FUCHS, | ) | |
| ELSIE LAMPL, ROBERT LAMPL, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Pending before the Court are Plaintiff's Motion for Leave to Amend Complaint ("MTA," Doc. 17), Motion to Compel, ("MTC," Doc. 25), Defendant Martin Dietz's Motion for Summary Judgment ("Dietz MSJ," Doc. 28), Defendants' Law Office of Robert O. Lampl, Robert O. Lampl, David Fuchs, and Elsie Lampl (collectively, "Lampl Defendants") Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) Or, Alternatively, Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 ("Lampl MTD," Doc. 31) and Plaintiff's Motion for Notice of Expiration of Time ("Pl. Mt. for Notice," Doc. 36).

For the reasons below, Plaintiff's Motion for Leave to Amend Complaint, Motion to Compel and Motion for Notice of Time are denied. Defendant Dietz's Motion for Summary Judgment and the Lampl Defendants' Motion to Dismiss/Motion for Summary Judgment are granted.

**I.     MEMORANDUM**

Plaintiff filed the instant action alleging the following: negligence against the Lampl Defendants, conspiracy to defraud against Defendant Elsie Lampl and negligence against

Defendant Dietz.  Complaint, Doc. 1.  All Defendants then filed a Notice of Intent to File Summary Judgment for Failure to File Certificates of Merit (Docs. 6-7) due to Plaintiff's failure to attach Certificates of Merit to his complaint as required by Pennsylvania state law.  Plaintiff filed a Motion seeking clarity from the Court as to the necessity of filing a certificate of merit, which the Court found was required.  <u>See</u> Docs. 8-9.

To date, Plaintiff has not filed a certificate of merit, although he has stated in several of his submissions that he will not be using expert witnesses and argues that, as a result, he does not need to include any certificates of merit.  Plaintiff subsequently sought leave to amend his complaint, arguing that he noticed "a possible jurisdictional defect in the Complaint" that required amendment.  MTA at ¶2.  Defendants opposed this motion to amend and have since all filed dispositive motions, to which Plaintiff has also responded.  Docs. 28, 31, 35.

**A. Plaintiff's Motion to Amend**

Plaintiff filed a Motion to Amend, stating that he found a possible jurisdictional issue in his original Complaint.  While he did not state what this issue is, specifically, in his Motion, the Court observed upon reading the proposed Amended Complaint that he added, "plaintiff's rights were violed [sic] under the 6th amendment" and that "[t]he [C]ourt has jurisdiction over this action pursuant to 15 USC@ [sic] 1681 et seq, the Fair Credit Reporting Act," Pl. MTA Ex. 1, Doc. 17-1, at ¶¶ 7, 9.

All Defendants responded in opposition, arguing that Plaintiff's failure to file Certificates of Merit is prejudicial and that amendment would be futile under Fed. R. Civ. P. 15.  Leaving aside the issue of the Certificates of Merit, which the Court will address with respect to Defendants' Motions for Summary Judgment, the Court agrees that amending the complaint at

this stage would be prejudicial to Defendants, and Plaintiff's motion shall be denied. See Alvin v. Suzuki, 227 F.3d 107, 121 (3d. Cir. 2000).

As far as the Court can discern, these additional "jurisdictional" issues are not in controversy and do not affect Plaintiff's allegations against any Defendant or Plaintiff's standing. No parties are contesting any jurisdictional issues before the Court. Allowing Plaintiff to amend his complaint would necessitate further briefing on issues that none of the Defendants dispute and further delay this case, which the Court finds would prejudice all Defendants.

**B.  Plaintiff's Motion to Compel**

Plaintiff filed this Motion which appears to be seeking the Court to compel Defendants to answer his Complaint. Defendants have responded to Plaintiff's Complaint with a motion seeking dismissal. Plaintiff's motion is misguided and is, thus, denied.

**C.  Defendant Dietz's Motion for Summary Judgment**

Defendant Dietz filed his Motion for Summary Judgment seeking dismissal on the grounds that (1) Plaintiff failed to file a certificate of merit, (2) Plaintiff's suit is barred under the doctrine of res judicata, and (3) Plaintiff's claims are time-barred under the applicable statute of limitations, which in Pennsylvania, is two years. Dietz MSJ at ¶23; 42 Pa. C.S.A. §5524. Because the Court finds that Defendant Dietz's statute of limitations argument is dispositive of Plaintiff's claims, the Court will focus its opinion on that argument.

While the Court agrees with Defendant Dietz that the statute of limitations began to run upon Plaintiff's May 12, 2016 sentencing, the Court notes that Plaintiff did attempt to bring forth his suit in the Southern District of Florida within two years of that date, as he filed his amended complaint against Defendant Dietz, alleging the same cause of action on May 10, 2018, which the Court finds could implicate equitable tolling of the relevant statute of limitations. Amended

Complaint, Makozy v. Internal Revenue Serv., et. al., No. 2:18-cv-14050-RLR (S. D. Fla. May 10, 2018); see Phillips v. Vaughn, 55 F. App'x 100, 101 (3d Cir. 2003) ("a statute of limitations may be equitably tolled…if the plaintiff has timely asserted his rights unwittingly and incorrectly in the wrong forum").

Nonetheless, Plaintiff was notified on September 4, 2018, that the Southern District of Florida did not have jurisdiction over his claims against Defendant Dietz. As such, any equitable tolling could only extend the statute of limitations by a little under four months (May 12, 2018 to September 4, 2018, when Plaintiff was notified that he was pursuing his case in the wrong forum through the Order at ECF No. 83). Plaintiff did not file his case in this Court until nearly a year later, on August 29, 2019. See Doc. 1. As a result, Plaintiff's claim against Defendant Dietz is untimely and must be dismissed.[1]

**D. Lampl Defendants' Motion to Dismiss/Motion for Summary Judgment**

The Lampl Defendants similarly argue, *inter alia,* that Plaintiff's claims are barred by the relevant statutes of limitations. Again, the Court agrees.

1. Negligence Claims as to Robert Lampl, David Fuchs and Elsie Lampl

As discussed supra, the relevant statute of limitations for allegations of negligence with respect to legal malpractice is two years. Plaintiff appears to make the same allegations of a purported failure to amend his bankruptcy petition as to all three of these defendants. Complaint at p. 4-8. While Plaintiff has not identified precisely when the failure to amend occurred, the Court agrees with the Lampl Defendants that it could have been no later than Plaintiff's sentencing in his criminal case, May 12, 2016, and was likely earlier. As a result, the same

---

[1] Because Plaintiff's claim is barred by the statute of limitations, the Court declines to address the merits of the Lampl Defendants' other arguments.

analysis that the Court applied to the negligence claim against Defendant Dietz applies here, because Plaintiff named the Lampl Defendants in the same amended complaint with the same causes of action included in this case.  Plaintiff's claims of negligence against the Lampl Defendants must be dismissed as untimely for the same reasons discussed above.

        2.   <u>Fraud or Conspiracy Claim as to Elsie Lampl</u>

Plaintiff argues in his Complaint that Defendant Elsie Lampl, "individually, conspired to defraud Plaintiff with Robert Lampl, she charged $1500 as a closing fee for the sale of Dobson Rd property [sic]."  Complaint at p. 8.  While Plaintiff does not specify any dates with respect to the purported fraudulent closing, Defendant provides a Settlement Statement indicating sale of a property located at 245 Dobson Road.  Appendix to Concise Statement of Material Facts in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(6) Or, Alternatively, Motion for Summary Judgment Pursuant to Fed R. Civ. P. 56 ("Lampl MTD Appendix"), Doc. 33, at Ex. H.

The settlement date according to the record in this case was April 30, 2015.[2]  <u>Id.</u> at p. 2.[3]  As Plaintiff does not appear to contest the validity of this document or of the date of this closing, the Court agrees with the Lampl Defendants that the applicable two-year statute of limitations also has expired as to this claim.  <u>See</u> 42 Pa. C.S.A. §5524.

---

[2] Defendant's briefing indicates the closing date was April 30, 2015, but the scan quality of the exhibit is poor and the Court believes the settlement date could say April 20, 2015, or April 20 or April 30, 2016.  The statute of limitations has since expired regardless of which date is used.

[3] The Court notes that Exhibit H begins with "Page 1 of 3" but that page is identified with a handwritten "2" and is the first page to appear chronologically in this exhibit.  Further, Exhibit H appears to include two versions of the same page, numbered "Page 2 of 3" in the bottom but with handwritten numbers "1" and "3" and that the versions are differentiated by the existence of Line 110 on p. 3 indicating "Attorneys fees" to "Elsie R. Lampl," in the amount of $1,500.  <u>Id.</u> at p. 3.  For consistency's sake and to alleviate confusion over the duplicate "Page 2 of 3" pages, the Court will cite to the handwritten page numbers as they are the only distinct identifiers available, despite appearing out of chronological order.

Again, as the Court finds that summary judgment should be granted in favor of the Lampl Defendants on all counts based on the expiration of the applicable statute of limitations, it declines to reach the merits of the Lampl Defendants' other arguments.

### E. Plaintiff's Motion for Notice of Expiration of Time

Plaintiff's Motion for Notice of Expiration of Time appears to seek the same relief as Plaintiff's Motion to Compel, as Plaintiff writes, "Plaintiff asks this [C]ourt to order the defendants to answer the amended complaint or order the parties into arbitration." Pl. Mt. for Notice at p. 1.  As the Court stated previously, this request is meritless..

### II.     ORDER

Consistent with the foregoing, Plaintiff's Motion for Leave to Amend Complaint (**Doc. 17**), Motion to Compel (**Doc. 25**) and Motion for Notice of Expiration of Time (**Doc. 36**) are **DENIED**.  Defendant Martin Dietz's Motion for Summary Judgment (**Doc. 28**) and the Lampl Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) Or, Alternatively, Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 (**Doc. 31**) are **GRANTED**.  Plaintiff's claims against all defendants are dismissed with prejudice.

IT IS SO ORDERED.

September 23, 2020                                                    s\Cathy Bissoon
                                                                                        Cathy Bissoon
                                                                                        United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via U.S. Mail):

Gregory Makozy Sr.
9661 SW Glenbrook Drive
Port Saint Lucie, FL 34987-2452